**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| RICHARD MARK WAGNER, | Case No. 25-cv-3444 (LMP/SGE) |
| Plaintiff, | |
| v. | **ORDER DENYING RULE 60(B) MOTION AND MOTION FOR LEAVE TO AMEND THE COMPLAINT** |
| HON. JESSICA BIERWERTH, *in her individual and official capacity as a judge of the Ramsey County Family Court*, and DONALD W. HARPER, *in his individual and official capacity as Court Administrator for the Ramsey County Family Court*, | |
| Defendants. | |

On October 9, 2025, the Court dismissed Plaintiff Richard Mark Wagner's complaint after conducting a preservice review pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 3. On October 28, 2025, the Court received a letter from Wagner in which he stated that he was enclosing (1) a motion for reconsideration and a motion for leave to amend the complaint, (2) a proposed amended complaint, and (3) a proposed order granting Wagner leave to amend the complaint. ECF No. 5. The Court received the proposed amended complaint and the proposed order, *see* ECF Nos. 6–7, but did not receive a motion for reconsideration or a motion for leave to amend the complaint. The Court therefore ordered Wagner to file his motion for reconsideration and motion for leave to amend the complaint no later than November 13, 2025. ECF No. 8.

On November 10, 2025, Wagner submitted a letter to the Court, two proposed amended complaints, and a proposed order granting a motion for reconsideration and a motion for leave to amend the complaint. ECF Nos. 9–12. Again, Wagner did not submit a motion for reconsideration or a motion for leave to amend the complaint. Accordingly, the Court informed Wagner that it would take no action on the filings he had submitted. ECF No. 13.

On November 25, 2025, Wagner finally filed a motion under Federal Rule of Civil Procedure 60(b) seeking relief from the judgment dismissing this action. ECF No. 15. Wagner also filed a motion for leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), ECF No. 14, and attached a copy of a proposed amended complaint, ECF No. 14-1. Because Wagner has now provided motions for the Court to decide, the Court will proceed to the merits of those motions.

## ANALYSIS

While litigation is proceeding, a litigant may amend their complaint with the Court's leave, and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Things change after judgment is entered." *See Mejia v. United States*, No. 23-cv-3852 (PJS/DLM), 2024 WL 6047683, at *1 (D. Minn. Mar. 25, 2024). The liberal amendment policy of Rule 15 "does not govern when, following a final judgment, the case is closed and there is no pending pleading to amend." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025). Instead, once the Court has entered final judgment, "no amendment is possible unless the judgment is first set aside." *Id.* (citation omitted). Accordingly, a pleading may still be amended after judgment is entered, but only with leave

2

of court, and only if the request to amend "is consistent with the stringent standards governing" a motion for relief under Federal Rule of Civil Procedure 60(b). *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014).

Here, Wagner does not demonstrate that relief under Rule 60(b) is appropriate, which dooms his request to amend the complaint. But even if relief under Rule 60(b) were appropriate, the Court would deny Wagner's motion for leave to amend his complaint because his proposed amendments are futile.

## I.      Wagner Is Not Entitled To Relief Under Rule 60(b)

Rule 60(b) enumerates specific circumstances under which a party in a civil case may receive relief from final judgment. Fed. R. Civ. P. 60(b). Wagner invokes two of those circumstances: "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), and "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). ECF No. 15 at 2. Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (citation omitted).

Wagner argues that he should be relieved from judgment because he "reasonably but incorrectly believed his November 10 submissions constituted a 'motion.'" ECF No. 15 at 2. But that argument does not address whether there was mistake, inadvertence, surprise, or excusable neglect with respect to the underlying judgment. Simply because Wagner may have made a mistake or exhibited excusable neglect when filing post-judgment motions has nothing to do with whether the *underlying judgment* is the result of mistake, inadvertence, surprise, or excusable neglect. Because Wagner's motion provides

3

no reason why the underlying judgment should be lifted, he is not entitled to the "extraordinary relief" of Rule 60(b). *Harley*, 413 F.3d at 870.

## II. Wagner's Proposed Amendments Are Futile

Even if Wagner were entitled to relief under Rule 60(b), the Court would still deny his motion for leave to amend the complaint because his proposed amendments are futile. Federal Rule of Civil Procedure 15(a)(2) directs the Court to "freely give leave" to amend "when justice so requires." Although this is a liberal standard, "parties do not have an absolute right to amend their pleadings" at any time. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). A district court appropriately denies leave to amend if the amendment is futile. *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). And an amended pleading is futile when it "could not withstand a motion to dismiss under Rule 12(b)(6)." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citation omitted). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In his proposed amended complaint, Wagner drops Jessica Bierwerth and Donald W. Harper as Defendants and instead brings a single *Monell*[1] claim against Ramsey County. ECF No. 14-1. Wagner alleges that he attempted to file motions and pleadings in a marriage dissolution matter in Ramsey County District Court, but that the Ramsey County

---

[1]  *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978).

4

Court Administrator's Office refused to accept Wagner's filings "unless a $405 filing fee was paid or a fee-waiver application approved." *Id.* at 2.  Wagner alleges that he submitted a fee waiver application, but that it "was not processed and effectively denied without hearing or judicial review." *Id.*  Wagner argues that Ramsey County maintains a policy or custom of conditioning "acceptance of pleadings on payment of filing fees, without providing meaningful review or alternatives for indigent litigants." *Id.*  This policy or custom, says Wagner, violates his rights to access the courts under the First Amendment and his rights to due process and equal protection under the Fourteenth Amendment. *Id.*

Under *Monell*, "[l]iability for a constitutional violation will attach to a municipality only if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee." *Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016).  Wagner invokes the "policy" and "custom" strands of *Monell*, but he does not plausibly allege either claim.

### a.   **Wagner Does Not Plausibly Allege a Policy Claim**

An official policy is "a deliberate choice to follow a course of action made from among various alternatives by an official who is determined by state law to have the final authority to establish governmental policy." *Ware v. Jackson County*, 150 F.3d 873, 880 (8th Cir. 1998) (citation modified).  Here, Wagner alleges that Ramsey County has instituted an unconstitutional policy "to condition acceptance of pleadings on payment of filings fees, without providing meaningful review or alternatives for indigent litigants." ECF No. 14-1 at 2.

To the extent that Wagner alleges that Ramsey County forces indigent litigants to pay a filing fee no matter what, that allegation is contradicted by Wagner's acknowledgment that Ramsey County provides litigants the opportunity to apply for a fee waiver. *Id.* When a "plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *Preble v. Itasca Cnty. Bd. of Comm'rs*, No. 25-cv-3006 (LMP/LIB), 2025 WL 3458052 (D. Minn. Dec. 2, 2025) (citation omitted); *cf. Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019). To the extent that Wagner alleges that it is *per se* unconstitutional to deny a fee waiver application without a hearing, Wagner is incorrect as a matter of law. A litigant is not entitled to a hearing on every application he makes to a court because "[m]otions may be decided wholly on the papers, and usually are." *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315–16 (2d Cir. 1998) (alteration in original) (citation omitted) (collecting cases holding that due process does not require an oral hearing on case-dispositive motions).

The balance of Wagner's allegations are wholly conclusory, which do not plausibly state a claim to relief. *See Iqbal*, 556 U.S. at 678. Wagner alleges that his fee waiver application was "not processed and effectively denied," which left him without "meaningful review or alternatives." ECF No. 14-1 at 2. But it is unclear what Wagner means by "effectively denied." Nor, more importantly, does Wagner allege *why* his fee waiver application was "not processed and effectively denied." The bare fact that Wagner's fee waiver application was denied alleges no "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. After all, a fee waiver application may be

denied for entirely legitimate purposes.  *See* Minn. Stat. § 563.01, subd. 3 (providing the process and criteria for fee waivers in Minnesota state court).  By only alleging that his fee waiver application was denied, Wagner's proposed amended complaint "stops short of the line between possibility and plausibility."[2]  *Twombly*, 550 U.S. at 546.  Because Wagner does not plausibly allege the existence of an unconstitutional policy implemented by Ramsey County, his policy claim under *Monell* cannot proceed.

### b.    Wagner Does Not Plausibly Allege a Custom Claim

A municipal custom "is a practice of municipal officials that is not authorized by written law, but which is so permanent and well-settled as to have the force of law."  *Russell v. Hennepin County*, 420 F.3d 841, 849 (8th Cir. 2005) (citation modified).  That custom must encompass "a widespread and persistent pattern of unconstitutional misconduct . . . policymakers were either deliberately indifferent to or tacitly authorized."  *Leonard v. St. Charles Cnty. Police Dep't*, 59 F.4th 355, 363 (8th Cir. 2023) (citation omitted).  However, an "unconstitutional custom or usage cannot arise from a single act."  *Bolderson*, 840 F.3d at 986.  Here, Wagner only alleges a single act of purportedly unconstitutional

---

[2]    Courts "may take judicial notice of judicial opinions and public records."  *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).  In reviewing the state-court docket, the Court observes that no fee waiver application appears on the docket.  *See In re Marriage of Wagner & Wagner* ("State Court Docket"), No. 62-FA-24-1893, (Minn. Dist. Ct.).  And, in fact, in the final dissolution order, the presiding state-court judge noted that Wagner "had not properly filed any responsive pleadings in this matter due to [his] failure to pay the required filing fees."  State Court Docket, Index #34 at 4–5.  The final dissolution order makes no mention of any properly submitted fee waiver applications.  *See generally id.* The state-court docket therefore further supports the conclusion that Wagner's proposed amended complaint "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 546.

conduct: the denial of his fee waiver application.  *See* ECF No. 14-1 at 2.  Because an "unconstitutional custom or usage cannot arise from a single act," Wagner does not plausibly allege a municipal custom claim under *Monell*.  *Bolderson*, 840 F.3d at 986.

Because the proposed amended complaint does not plausibly state a *Monell* claim, amendment of the complaint is futile, and the Court denies Wagner leave to amend his complaint.

## **CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Wagner's Rule 60(b) Motion for Relief from the Judgment (ECF No. 15) is **DENIED**; and

2.   Wagner's Motion for Leave to Amend the Complaint (ECF No. 14) is **DENIED**.

Dated: February 17, 2026                    *s/Laura M. Provinzino*
                                            Laura M. Provinzino
                                            United States District Judge